NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID HOHSFIELD, | : | Civil No. 09-5377 (AET) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| TWP. OF MANCHESTER, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    DAVID HOHSFIELD, #567841A, Plaintiff Pro Se
    Adult Diagnostic & Treatment Center
    8 Production Way 7-L-D
    Avenel, New Jersey  07001

**THOMPSON**, District Judge:

    David Hohsfield, a prisoner incarcerated at Adult Diagnostic and Treatment Center, filed a Complaint under 42 U.S.C. § 1983.  This Court dismissed the Complaint, without prejudice to the filing of an amended complaint stating a cognizable claim under § 1983.  Plaintiff filed an Amended Complaint on March 4, 2011.  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Amended Complaint, without prejudice to the filing of a second and final amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

    The original Complaint sought damages against the Township of Manchester, Manchester Police Department, unknown officers of Manchester Police Department, the Community Medical

Center of Toms River, and unknown employees of the Community Medical Center. Plaintiff asserted the following facts in the original Complaint:

> On or about Oct. 20, 2007 Plaintiff was removed from his place of residence by officers of the Manchester Police Dept. who had received a call from plaintiff's then girlfriend informing them that plaintiff had overdosed on sleeping medication, when he had not. Officers responding to the call did not give plaintiff the choice of voluntarily going to hospital or refusing medical treatment. Instead plaintiff was told that "either I sign the consent form to be transported to the hospital for treatment of I will be forced to go, either way your going." Plaintiff admits taking sleeping medication that was prescribed by a doctor, however was never in danger of an overdose and therefore should have not been pressured by police to sign a consent form to be transported to the hospital against his will, and thereafter admitted for observation by person(s) unknown at this time . . . . Plaintiff now asserts that he should not have been removed from his residence by threat nor coercion of police officer(s) that took advantage of the late hour and plaintiffs medicated condition at 3:00 am. Furthermore, plaintiff asserts that he should not have been involuntar[il]y committed to the hospital for observation especially when medical tests proved that plaintiff was not overdosing on medication . . . . Thereafter on or about Nov. 2, 2007 plaintiff was charged and indicted for possession of CDS . . . which was administratively dismissed by the state on Feb. 21, 2008. As the result of plaintiff being restrained against his will and deprived of his liberty by defendants, as well as prosecuted for a crime he did not commit he incurred $13,500 of hospital costs that were unnecessary and avoidable.

(Dkt. 1 at 6-7.)

By Order and accompanying Opinion filed September 14, 2010, this Court dismissed the Complaint. This Court dismissed the Fourth Amendment claim based on Plaintiff's involuntary commitment on October 20, 2007, because the ex-girlfriend's telephone call alerting police that Plaintiff had overdosed on sleeping pills and Plaintiff's admission that he had in fact taken sleeping pills were sufficient to give the police probable cause to believe that, in the absence of

2

an evaluation, Plaintiff may have been in danger of death through overdose. This Court further found that the Complaint did not assert a substantive due process claim because, given the girlfriend's call and the fact that Plaintiff had taken sleeping medication, the conduct of the police did not shock the conscience. This Court ruled that the procedural due process claim failed because the Third Circuit has held that, "in an emergency situation, a short-term commitment without a hearing does not violate procedural due process." Benn v. Universal Health System, Inc., 371 F. 3d 165, 174 (3d Cir. 2004).

In the Amended Complaint (Dkt. 16), Plaintiff asserts as follows:

> Defendant Hemhouser is sued in his professional as well as personal capacity as the arresting officer with respect to the C.S.L. offense against plaintiff. Count One is a § 1983 claim for false arrest/illegal detention against all Defendants except the 2 mental health screeners, the claims against them are illegal detention. Claiming that the time between being detained at the hospital and his arrest violated his 4th Amend. right of freedom from illegal search and seizure. Count Two is a § 1983 claim of Malicious Prosecution against all Defendants, except the 2 mental health screeners at the hospital. Claiming the imprisonment of Plaintiff pursuant to the warrant issued, that was later dismissed, was Malicious Prosecution. Count Three is a § 1983 claim of unlawful/unreasonable search against all defendants but the 2 mental health screeners at the hospital. Claiming that the search of his room was illegal, and warrantless. Count Four is a § 1983 claim of unconstitutional invasion of privacy and deprivation of substantive Due Process against all the defendants except the 2 mental health screeners, based upon the same searches previously mentioned. Claim Five is a § 1983 claim denial of equal protection against all defendants but the 2 mental health screeners, Claiming that defendants engaged in profiling, pursuing and arresting plaintiff solely due to being a registered sex offender residing in a senior citizen community where the community had sent letter to plaintiffs employer stating that "either the plaintiff goes or you both will go."

> Claim Six is a § 1985 claim of conspiracy against all defendants except the 2 mental health screeners.  Claiming that the defendants conspired to pursue, arrest, and then prosecute plaintiff based upon him being an unwanted type of person living within a senior citizen community, ie, a sex offender.  Claim Seven is a § 1986 claim against all defendants except the 2 mental health screeners.  Claiming that the defendants failed to prevent the conspiracy under 42 U.S.C. § 1986.  Count Eight is a § 1983 claim against Supervisors 1-3 except the 2 mental health screeners.  Claiming that they had failed to adequately train their employees as a matter of custom and practice which resulted in the above-mentioned constitutional violations against plaintiff.  Count Nine is a claim against all the above-mentioned defendants except for the 2 mental health screeners for claims of state law civil rights violations against plaintiff that resulted in malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent failure to properly train law enforcement officers.  Claim Ten is a § 1983 claim against the Two (2) unknown mental health/medical screeners who were responsible for the unlawful detention of plaintiff at Community Medical Center in Toms River, NJ.  Claiming that they had failed to follow proper procedure to have plaintiff held for observation against his will, further claiming that screener had informed plaintiff that if he choose not to sign consent form that he would be involuntarily committed beyond the 72 hour period and that it could take up to if not more then a month to be released from the hospital.  It should be known that plaintiff did in fact sign consent form, however it was done under protest with the request of speaking to his attorney prior to signing the consent form.  Claim Eleven is a State Claim pursuant to <u>NJSA</u> 2C:52-6; Plaintiff seeks the Expungement of this arrest due to the arrest not leading to any conviction, but being dismissed in it's entirety by the state.

(Dkt. 16 at 5-6.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is

4

proceeding in forma pauperis or a prisoner seeks redress from a governmental agent or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). To withstand dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id.

### III. DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and

5

>laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The problem with the Amended Complaint is that it merely lists 11 legal claims, but sets forth no facts whatsoever.  Moreover, included in the list of claims are the claims this Court dismissed in its prior Opinion, i.e., Fourth Amendment seizure claim based on the commitment on October 20, 2007, substantive due process, and procedural due process.  As the Iqbal Court explained,

>the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
>To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).

Because the Amended Complaint before this Court sets forth claims but no facts, it does not satisfy the pleading standard under Iqbal and will be dismissed for failure to state a claim upon which relief may be granted. However, because Plaintiff is a pro se litigant, this Court will grant him 30 days to file a second and final amended complaint alleging facts stating a cognizable claim under 42 U.S.C. § 1983.

As Plaintiff evidently seeks to state a malicious prosecution claim under § 1983, this Court will outline the elements of such a claim. A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006); Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F. 3d 181, 186-87 (3d Cir. 2009). If Plaintiff elects to file an amended complaint asserting unconstitutional malicious prosecution, however, he must specify what happened, including who did what to whom, where, when, and under what circumstances.[1]

---

[1] If Plaintiff files an amended complaint, he should be aware that to state a claim under § 1983 against an individual, "plaintiff must plead that each Government-official defendant,
(continued...)

7

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Amended Complaint, without prejudice to the filing of a second and final amended complaint.  The Court will enter an appropriate Order.

                                                  /s/ Anne E. Thompson
                                                  **ANNE E. THOMPSON, U.S.D.J.**

Dated: August 29, 2011

---

[1](...continued)
through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. Moreover, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.  To state a § 1983 claim against a municipality, the amended complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation, Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  "[A] single incident of police misbehavior by a single policeman is insufficient as *sole* support for an inference that a municipal policy or custom caused the incident." Brown v. City of Pittsburgh, 586 F. 3d 263, 292 (3d Cir. 2009) (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 832 (1985) (Brennan, J., concurring).