NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

David Hohsfield,

          Plaintiff,

  vs.

Christopher HEMHOUSER, individually as
well as his official capacity; JOHN DOEs 1-5
and JANE DOEs 1-5, unknown defendants at
this time, individually and official capacity,

        Defendants.

Civ. No. 09-5377

OPINION and ORDER

THOMPSON, U.S.D.J.

      Plaintiff David Hohsfield, a prisoner incarcerated at Adult Diagnostic and Treatment

Center, has filed a Second Amended Complaint raising claims under 42 U.S.C. § 1983 and state

common law.  [Docket # 21].  The Court previously dismissed Plaintiff's original Complaint [1]

without prejudice to filing an amended complaint for failure to state a claim upon which relief

could be granted.  [12, 13].  The Plaintiff then filled the First Amended Complaint.  [16].  The

First Amended Complaint was similarly dismissed in the Court's Opinion and Order of August

29, 2011 [17, 18] under Fed. R. Civ. P. 12(b)(6).  (*See* Op. of Aug. 29, 2011, at 8).  The Court

permitted Plaintiff leave to file a second and final amended complaint in its Order.  (Order of

Aug. 29, 2011).  Having thoroughly reviewed the Plaintiff's allegations, the Court will dismiss

Plaintiff's selective prosecution and conspiracy claims with prejudice, but will permit Plaintiff's

malicious prosecution claim to proceed.

## I.      BACKGROUND

The original Complaint and the First Amended Complaint alleged numerous claims against varied Defendants.  (*See* Op. of Aug. 29, 2011, at 1–4).  In its current iteration, the Second Amended Complaint brings claims against Christopher Hemhouser (in both his individual and official capacities), a detective with the Manchester Township Police Department and the person to whom Plaintiff must report to and register with in accordance with Megan's Law, along with ten Jane and John Does ("the Doe Defendants") (also in both their individual and official capacities), all of whom are current or former members of the Manchester Township Police Department.

This Court takes as true all of the Plaintiff's well-pleaded factual allegations contained in its Second Amended Complaint.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Moreover, the Court will construe this *pro se* complaint liberally in favor of the Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89 (2007).

Plaintiff was formerly employed as a live-in caretaker.  (2d Amend. Compl., ¶ 8).  On or about October 25, 2007, Plaintiff was at his residence while on the phone with a friend.  (*Id.*).  During the course of that phone conversation, Plaintiff fell asleep as a result of taking a prescribed sleeping medication.  (*Id.*, ¶¶ 8–10).  Concerned for the Plaintiff's safety, and perhaps believing that the Plaintiff had attempted to commit suicide, the friend called 911.  (*Id.*, ¶ 10).  The authorities entered the residence without a warrant and without the Plaintiff's consent.  (*Id.*, ¶ 11).  After a brief conversation with the officers of the Manchester Township Police Department and EMTs at the scene, Plaintiff was taken to a mental health facility for evaluation.  (*Id.*, ¶¶ 13–15).

On November 2, 2007, following Plaintiff's release from the mental health facility, he was arrested at his residence and charged with possession of a controlled dangerous substance

under N.J.S.A. § 2C:35-10.  (*Id.*, ¶ 18).  Present at the time of arrest were, among others, Christopher Hemhouser and unidentified police officers of the Manchester Township Police Department.  (*Id.*, ¶ 18).  The alleged basis of this arrest was that police officers found a controlled substance at the Plaintiff's residence on the night of Plaintiff's initial confinement in the mental health facility.  (*Id.*).  The search that resulted in the finding of this controlled substance occurred after Plaintiff had been transported to the mental health facility.  (*Id.*, ¶¶ 27, 30).  Prior to his arrest, Plaintiff had previously informed the police that he was lawfully prescribed sleeping pills as part of a pharmaceutical study.  (*Id.*, ¶ 20).  Despite this knowledge, the police made the arrest.  After his arrest but before his arraignment, Plaintiff contacted the prescribing physician, and the physician later supplied a note confirming that the medication had in-fact been prescribed.  (*Id.*, ¶ 23).  Thereafter, the prosecutor for the state administratively dismissed the criminal charges against the Plaintiff.  (*Id.*).

## II.    LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or is presently confined and seeking redress from a governmental agent or entity.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  Upon this initial screening, a district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1).

When determining whether to dismiss a case for failure to state a claim under Rule 12(b)(6), a district court should conduct a three-part analysis.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1947 (2009)).

Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

## III.   DISCUSSION

Reading Plaintiff's *pro se* complaint broadly, he has alleged three counts against the Defendants: (1) a claim under 42 U.S.C. § 1983 for malicious prosecution; (2) a claim for the tort of conspiracy under state common law; and (3) a § 1983 claim for selective prosecution. Plaintiff's malicious prosecution claim will be allowed to proceed, but the conspiracy and selective prosecution claims must be dismissed.

a.   *Malicious Prosecution*

As noted in this Court's earlier Opinion of August 29, 2011, "To prove malicious prosecution under section 1983 . . . , a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty

4

consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F. 3d 75, 81–82 (3d Cir. 2007) (footnote omitted); *see also Hartman v. Moore*, 547 U.S. 250 (2006); *Baker v. Wittevrongel*, 363 Fed. App'x 146 (3d Cir. 2010); *Kossler v. Crisanti*, 564 F. 3d 181, 186–87 (3d Cir. 2009). Moreover, to state a claim under § 1983 against an individual, a "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. In this case the Plaintiff has adequately pleaded a malicious prosecution claim against the Defendants.

First, Plaintiff adequately states that he was arrested on November 2, 2007 and charged with possession of a controlled substance. (2d Amend. Compl., ¶ 18). He further alleges that these charges were dismissed on February 21, 2008. (*Id.*, ¶¶ 23–24).

Plaintiff has also adequately alleged that the arrest was made without probable cause. If there is probable cause to make an arrest, then a claim for malicious prosecution cannot stand. *See Johnson v. Bingnear*, No. 11-1871, 2011 U.S. App. LEXIS 16160, *8 (3d Cir. Aug. 4, 2011). Probable cause exists to make an arrest when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey*, 71 F.3d 480, 483 (3d Cir. 1995). Generally speaking, "the question of probable cause in a section 1983 damage suit is one for the jury." *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998). Plaintiff alleges that, before his arrest, he "had previously informed the police dept. that the 'drugs' that they had subsequently 'found' . . . [were] in fact prescribed by a doctor for a pharmaceutical study that [P]laintiff had been participating in." (2d Amend. Compl., ¶ 20). Taking this statement as true, it is plausible that Defendants would not have had probable cause to make the arrest because they were aware of the Plaintiff's lawful prescription.

Plaintiff has also sufficiently alleged malice on the part of the Defendants in his Second Amended Complaint.  Rule 9(b) states that "[m]alice . . . may be alleged generally."  Fed. R. Civ. P. 9(b); *see also Rannels v. S.E. Nichols, Inc.*, 591 F.2d 242, 246 (3d Cir. 1979).  The statement contained in paragraph twenty of the Second Amended Complaint alleges that Defendants failed to follow up on his statement that he was lawfully prescribed the sleep medication.  (2d Amend. Compl., ¶ 20).  In addition, Plaintiff has alleged that Defendants searched Plaintiff's room without a warrant after he had been taken to the mental health facility because they intended to maliciously prosecute Plaintiff.  (*See id.*, ¶ 28).  Thus, Plaintiff has sufficiently pled the element of malice.

Lastly, Plaintiff has adequately alleged that he was arrested by one or more of the Defendants following his release from the mental health facility.  This was allegedly done without probable cause, *see supra*, and he was therefore unlawfully seized in violation of the Fourth Amendment.  This is sufficient to state a claim under Rule 12(b)(6).  *See, e.g.*, *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) ("[A] section 1983 malicious prosecution claim may also include conduct that violates the Fourth Amendment . . . .").

The Court further notes that Plaintiff appears to have tried to re-plead certain constitutional violations that the Court has already determined were insufficient to state a cognizable claim.  In the Court's Opinion of September 14, 2010 [12], the Court held that Plaintiff's confinement at the mental health facility on the night of October 25, 2007 did not violate his Fourth Amendment, substantive due process, or procedural due process rights.  (Op. of Sept. 14, 2010, at 6–10).  Therefore, to the extent that the Second Amended Complaint attempts to state a claim regarding his confinement at the mental health facility on the day of, and the days following, October 25, 2007, those claims are dismissed.  Plaintiff is not permitted to reargue that entry onto his premises on October 25, 2007 was unlawful.  He may, however,

continue to argue that any non-consensual, warrantless search made of his premises was unconstitutional and improper.

   b.   *Conspiracy*

Under New Jersey law, "a civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, (N.J. 2005) (quoting *Morgan v. Union Cnty. Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993), *cert. denied*, 640 A.2d 850 (1994)).  To be liable for civil conspiracy, a defendant must "understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do [his or her] part to further them." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

In this case, Plaintiff has alleged no facts that indicate that a conspiracy existed between Hemhouser and the Doe Defendants or as between any of the Doe Defendants.  There are only two mentions of a conspiracy contained in the Second Amended Complaint.  The first is in the opening paragraph and states: "The [P]laintiff also alleges the torts of conspiracy and selective prosecution." (2d Amend. Compl., at 2).  Then, in paragraph 26, Plaintiff alleges that the "Manchester [Township] Police Dept. was willfully indifferent to it's [sic] police officers['] illegal actions, and that Manchester [Township] should have been aware of [D]efendants['] illegal conspiracy."  (2d Am. Compl., ¶ 26).  No other mention of a conspiracy is made, and no other facts sufficient to support a finding of a conspiracy are alleged.  Therefore, Plaintiff has not pled a valid conspiracy claim.  *See, e.g.*, *Tennille v. Quintana*, No. 11-2682, 2011 U.S. App. LEXIS 18267, *7 (3d Cir. Aug. 31, 2011) ("[C]onclusory and unsupported allegations of a conspiracy are insufficient to state a claim."); *D.R. v. Middle Bucks Area Vocational Tech. Sch.*,

7

972 F.2d 1364, 1377 (3d Cir. 1992) (agreeing that "plaintiffs failed to assert any facts from which any type of conspiratorial agreement . . . can be inferred").

    c. *Selective Prosecution*

In order to state a claim for selective prosecution under 42 U.S.C. § 1983, "a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right.'" *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (internal quotations omitted)). Plaintiff's complaint contains no facts indicative of either of these elements. The Second Amended Complaint merely contains the bald allegation that "there was no other reason [to enter and search Plaintiff's room] except to maliciously and selectively prosecute [P]laintiff in an attempt to have him incarcerated." (2d Amend. Compl., ¶ 28). This is insufficient to state a claim for relief. As such, this claim must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs malicious prosecution claim will be allowed to proceed, but his selective prosecution and conspiracy claims are dismissed.

Accordingly, IT IS on this 2nd day of November, 2011

ORDERED that the selective prosecution claim against Defendants is DISMISSED; and it is

ORDERED that the conspiracy claim against Defendants is DISMISSED; and it is

ORDERED that the malicious prosecution claims against Defendants are allowed to proceed.


_/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.