NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| David HOHSFIELD,<br><br>          Plaintiff,<br><br>v.<br><br>Christopher HEMHOUSER, individually as well as his official capacity; JOHN DOEs 1-5 and JANE DOEs 1-5, unknown defendants at this time, individually and official capacity,<br><br>          Defendants. | Civ. No. 09-5377<br><br>OPINION and ORDER |

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff David Hohsfield's Application for Pro Bono Counsel [Docket # 24]. For the reasons that follow, the application is denied.

      Neither the Supreme Court of the United States nor the Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A district court, however, "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil *pro se* plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Third Circuit, however, has indicated that courts should be careful in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's allegations. *See Tabron*, 6 F.3d at

1

155 ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

If a plaintiff's claim has arguable merit, the court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. This list of factors is not exhaustive; it is intended to serve as a guidepost for the district courts.

The Court has determined in its Opinion and Order of November 2, 2011 that Plaintiff has sufficiently pled a valid cause of action for malicious prosecution under 42 U.S.C. § 1983. But, the Court finds that a consideration of the *Parham* factors does not warrant appointment of counsel in this case at this time. The legal issues presented in this case are not so complex that Plaintiff will require the assistance of counsel in order to pursue his case effectively—at least at this early stage. It appears to the Court that the veracity of Plaintiff's claims will ultimately turn on what the Defendants did or did not know about the legality of Plaintiff's prescribed sleep medication prior to his arrest. Appointing counsel prior to the Defendants having submitted an answer would be premature. In addition, it does not appear that significant factual investigation or expert testimony will be required in this matter. Although Plaintiff's case may turn on witness credibility, this factor alone does not warrant the appointment of counsel at such an early stage of this litigation. On balance, the record does not support appointing counsel for Plaintiff at this time. The Court does note, however, that Plaintiff may renew his request for appointment of counsel at any time during this action. *See Tabron*, 6 F.3d at 156.

For the foregoing reasons, IT IS on this 5th day of December, 2011

ORDERED that Plaintiff's Application for Pro Bono Counsel [24] is DENIED without prejudice.

                                                    */s/ Anne E. Thompson*
                                                  ANNE E. THOMPSON, U.S.D.J.