NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| David HOHSFIELD, | |
| Plaintiff, | |
| v. | Civ. No. 09-5377 |
| Christopher HEMHAUSER, et al., | |
| Defendants. | OPINION |

THOMPSON, U.S.D.J.

## I.  INTRODUCTION

This matter is now before the Court upon the Motion for Summary Judgment filed by

Defendant Christopher Hemhauser ("Hemhauser").  (Docket Entry No. 55).  Plaintiff David

Hohsfield ("Hohsfield") has not opposed the motion.  The Court has decided these matters upon

consideration of Defendant's written submissions and without oral argument, pursuant to Federal

Rule of Civil Procedure 78(b).  For the reasons given below, Defendant's Motion for Summary

Judgment is granted.

## II.  BACKGROUND

This case concerns the arrest and subsequent prosecution of Hohsfield for possession of a

controlled dangerous substance.  (*See* Second Am. Compl., Docket Entry No. 21).  Hohsfield

seeks damages for malicious prosecution.  Hemhauser denies liability.

On approximately October 26, 2007, Manchester Police Office Patrolman Michael Terranova ("Officer Terranova") received a report that Hohsfield had taken an unknown amount of pills in a possible attempt to commit suicide.  (Def.'s Br., Docket Entry No. 55, Attach. 4 at ¶ 2).[1]  Officer Terranova and Patrolman Theodore Cooke traveled to the address provided by the individual who made the report to check on Hohsfield's well-being.  (*Id.*).  At the residence, the officers observed that Hohsfield could barely stand, swayed back and forth, slurred his speech, had difficulty walking, and bumped into walls.  (*Id.*).  He admitted to taking eight Ambien sleeping pills and showed the officers a pill bottle that contained six pills, read "ambien 5mg," and had had its label ripped off.  (*Id.*).  Hohsfield was transported to Community Medical Center Psychiatric Emergency Screening Unit. (*Id.*).

Upon returning to police headquarters, Officer Terranova contacted Municipal Court Judge Phillip Miller to secure permission for an arrest warrant for Hohsfield for possession of a controlled dangerous substance.  (*Id.* at ¶ 3).  Judge Miller set bail at $2,500.00 and Officer Terranova signed a complaint against Hohsfield.  (*Id.*).  Officer Terranova then presented the complaint warrant to Deputy Municipal Court Administrator Rosamond Lavalle for a probable cause determination.  (*Id.* at ¶ 4).  Lavalle noted on the November 2, 2007 complaint that "probable cause is found for the issuance of this complaint."  (*Id.*).  On the same day, Officer Terranova also executed an affidavit in support of an arrest warrant that was signed by him and notarized by the Deputy Court Administrator.  (*Id.*).

---

[1] Under Local Rule of Civil Procedure 56.1(d), "[f]ailure to respond to a movant's statement of material facts . . . as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment."  L. Civ. R. 56.1(d).  Here, Hohsfield has not responded to the statement of facts provided with Hemhauser's Motion for Summary Judgment.  Thus, for the purpose of deciding Hemhauser's Motion for Summary Judgment, the Court finds that the facts set forth in Hemhauser's statement of facts are not disputed.

On November 5, 2007, Hemhauser and Patrolman John Decker arrested Hohsfield with the arrest warrant previously obtained by Officer Terranova. (*Id*. at ¶ 7).  Hemhauser placed Hohsfield in a police car and drove him to Manchester Police headquarters.  (Answer, Docket Entry No. 31 at ¶ 18).  Following the arrest, the case was then transferred to the Ocean County Prosecutor's office, which subsequently dismissed the complaint against Hohsfield on February 7, 2008.  (Def.'s Br., Docket Entry No. 55, Attach. 4 at ¶ 8).

On October 19, 2009, Hohsfield filed the instant lawsuit against the Township of Manchester, Manchester Police Department, John Does 1-5, Officers and Supervisors of Manchester Police Department, Community Medical Center of Tom's River, John Does 1-10, and unknown employees of and associated with Community Medical Center of Tom's River. (Compl., Docket Entry No. 1).  The complaint asserted numerous claims, including false or unjustified arrest/enforcement, selective and/or malicious prosecution, unlawful deprivation of liberty, and unlawful restraint.  (*Id*.).  On March 4, 2011, Hohsfield filed an amended complaint ("Amended Complaint") that identified Chris Hemhauser as a defendant.  (Am. Compl., Docket Entry No. 16).  On August 29, 2011, the Court dismissed the Amended Complaint for failure to state a claim with leave to amend within 30 days.  (Docket Entry Nos. 17, 18).

After receiving additional time to submit an amended complaint, Hohsfield filed a second amended complaint ("Second Amended Complaint") on October 21, 2011.  (Docket Entry Nos. 19-21).  The Second Amended Complaint listed Hemhauser as a defendant as well as "John Doe's 1-5" and "Jane Roe's 1-5," who are unknown "officers employed either by Manchester Twsp. Police Dept. or other unknown law enforcement agency that were either present and or involved with the plaintiffs (sic) arrest and malicious prosecution. . . ."  (Second Am. Compl., Docket Entry No. 21 at ¶¶ 5-6).  On November 3, 2011, the Court dismissed all of Hohsfield's

3

claims except for the claim for malicious prosecution.  (Docket Entry No. 23).  Hemhauser now

moves for summary judgment as to that claim.  (Docket Entry No. 55).

## III.  <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate if the record shows "that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding a motion for summary

judgment, a district court considers the facts drawn from "the pleadings, the discovery and

disclosure materials, and any affidavits" and must "view the inferences to be drawn from the

underlying facts in the light most favorable to the party opposing the motion."  Fed. R. Civ. P.

56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

In resolving a motion for summary judgment, the Court must determine "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, 477 U.S.

242, 251-52 (1986).  More precisely, summary judgment should be granted if the evidence

available would not support a jury verdict in favor of the nonmoving party.  *Id.* at 248-49.  The

Court must grant summary judgment against any party "who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Properly applied, Rule 56 will

"isolate and dispose of factually unsupported claims or defenses" before those issues come to

trial.  Id. at 323-24.

## IV. <u>ANALYSIS</u>

Hemhauser argues that summary judgment is proper because (1) Hohsfield has failed to

make a showing sufficient to establish the existence of each element of a malicious prosecution

claim; and (2) Hemhauser is entitled to qualified immunity.  Viewing the facts in the light most

favorable to the non-moving party, the Court agrees that Hohsfield has failed to prove each of

the necessary elements of a malicious prosecution claim and, therefore, does not reach the issue

of qualified immunity.

> Section 1983 provides that:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  To succeed on a claim for malicious prosecution under Section 1983, a

plaintiff must prove:

> (1) that the defendant initiated a criminal proceeding; (2) the criminal proceeding ended
> in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the
> defendant acted maliciously or for a purpose other than bringing the plaintiff to justice;
> and (5) the plaintiff suffered deprivation of liberty consistent with the concept of a
> seizure as a consequence of the legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).    Hemhauser argues that summary

judgment is proper because (1) Hemhauser did not initiate a criminal proceeding against

Hohsfield; and (2) there was probable cause for the issuance of the charges.

The Court agrees that Hemhauser did not initiate a criminal proceeding against

Hohsfield.  A defendant initiated a criminal proceeding where the "defendant took some active

part in instigating or encouraging the prosecution, advised or assisted another person to begin the

proceeding, ratified it when it is begun, or took any active part in directing or aiding the conduct

of the case." *Grendysa v. Evesham Tp. Bd. of Educ.*, No. 02-1493, 2005 WL 2416983, at *15

(D.N.J. Sept. 27, 2005).  "Although prosecutors are generally responsible for initiating criminal

proceedings, a police officer may be considered to have initiated a criminal proceeding if he or

she knowingly provided false information to the prosecutor which was used to initiate the criminal proceeding or otherwise interfered with the prosecutor's informed discretion." *Connoly v. Borough of Bogota*, No. 07-2083, 2008 WL 915126, at *2 n. 5 (D.N.J. Mar. 27, 2008) (citations omitted).  Where officers "merely executed arrest warrants for which they had no role in issuing," they have not initiated criminal proceedings. *Maloney v. City of Reading*, No. 04-5318, 2006 WL 305440, at * 8 (E.D. Pa. Feb. 8, 2006).

Here, Hemhauser merely executed an arrest warrant that Officer Terranova prepared and submitted for a probable cause determination.  Furthermore, there is no evidence to suggest that Hemhauser was involved in the investigation that gave rise to Hohsfield's arrest or had any communication with prosecutors about the charges.  Thus, Hemhauser did not initiate a criminal proceeding against Hohsfield and Hohsfield has failed to prove the first element necessary to succeed on a malicious prosecution claim.  Therefore, as Hohsfield has failed to establish each of the elements necessary for a prima facie malicious prosecution claim, the Court need not reach Hemhauser's arguments concerning whether there was probable cause to support the arrest or whether Hemhauser was entitled to qualified immunity.[2]

---

[2] Although the Court concludes that summary judgment is proper because Hohsfield has not shown each element necessary to establish a claim for malicious prosecution, the Third Circuit has also held that qualified immunity is available to an officer who acts on an objectively reasonable belief that there is a valid warrant. *Berg v. Cnty. of Allegheny*, 219 F.3d 272-73 (3d Cir. 2000); *Mitchell v. Obenski*, 134 Fed. Appx. 548, 552 (3d Cir. 2005); *Rogers v. Powell*, 120 F.3d 446, 456 (3d Cir. 1997); *Capone v. Marinelli*, 868 F.2d 102, 105-06 (3d Cir. 1989); *Maloney v. City of Reading*, No. 04-5318, 2006 WL 305440, at *3 (E.D. Pa. Feb. 8, 2006). Therefore, Hemhauser is also entitled to summary judgment under the doctrine of qualified immunity.

V. <u>CONCLUSION</u>

For the foregoing reasons, Hemhauser's Motion for Summary Judgment is granted.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date:  January 29, 2013